| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL LEON WILLIAMS, | Case No. 3:18-cv-00042-MMD-WGC |
| Petitioner, | |
| v. | ORDER |
| THE EIGHTH JUDICIAL DISTRICT COURT FOR THE STATE OF NEVADA IN AND FOR THE COUNTY OF CLARK; JACKIE GLASS, DISTRICT JUDGE; THE SUPREME COURT OF NEVADA; JUSTICE PARAGUIRRE; JUSTICE DOUGLAS; and JUSTICE PICKERING, | |
| Respondents. | |

This action comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis* and for initial screening review.

Petitioner has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1615 directed at various courts and judicial officers of the State of Nevada. (ECF No. 1-1). The petition alleges, essentially, that petitioner is in custody pursuant to an invalid judgment of conviction entered in state court Case No. C226809. The petition is subject to dismissal for lack of jurisdiction.

Petitioner may not proceed in federal court against either the Supreme Court of Nevada or the Eighth Judicial District Court, as arms of the state, due to the state sovereign immunity recognized by the Eleventh Amendment. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984) (a State may not be sued in federal court regardless of the relief sought); *O'Connor v. State of Nevada*, 686 F.2d 749

(9th Cir. 1982) (Supreme Court of Nevada). Moreover, to the extent that petitioner seeks a writ of mandamus from this lower federal court directed to the Supreme Court of Nevada, the Eighth Judicial District Court, or its officers, he impermissibly seeks to have this Court exercise an appellate jurisdiction over the state supreme court that it does not have. Federal district courts do not have appellate jurisdiction over a state supreme court or other state court, whether by direct appeal, mandamus, or otherwise. *See, e.g., Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). While the jurisdictional limitation recognized in *Rooker* does not function as a rule of claim or issue preclusion, it does preclude a party from seeking the relief sought here—an order from a lower federal court directing a state supreme court how to proceed in its cases. If petitioner wants a federal court to issue directives to the Supreme Court of Nevada, he must seek such relief in the United States Supreme Court. Finally, petitioner invokes the All Writs Act, 28 U.S.C. § 1651, as the basis for the court's jurisdiction, but it is well established that the All Writs Act does not provide an independent basis for federal jurisdiction. *See, e.g., Syngenta Crop Protection, Inc. V. Henson*, 537 U.S. 28, 33 (1998). To the extent petitioner invokes the Court's jurisdiction on the basis of state statutes and the state Constitution, such do not apply in a federal court mandamus action.

In addition, to the extent that petitioner is seeking to challenge his judgment of conviction other than through a habeas petition, the civil action is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Petitioner cannot bring a civil action that necessarily challenges the validity of his confinement without first establishing the invalidity of the confinement via a petition for a writ of habeas corpus. *Cf. Erlin v. United States*, 364 F.3d 1127 (9th Cir. 2004) (federal inmate could not bring Federal Torts Claim Act action for negligent calculation of his release date without first establishing a right to release through a habeas petition).

///

///

///

The petition for writ of mandamus will therefore be dismissed without prejudice.[1]

It is therefore ordered that the Clerk of the Court will file the petition and that the petition will be dismissed without prejudice to the possible pursuit of a different procedural vehicle in a new civil action. The Clerk of the Court will enter final judgment accordingly.

The Clerk further will provide petitioner two (2) copies of a noncapital Section 2254 petition form along with one copy of the instructions for the form, a pauper application, and a copy of the papers that he filed in this action.

It is further ordered that petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) and request for judicial notice (ECF No. 1-2) are denied as moot.

DATED THIS 25th day of January 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] It does not appear that a dismissal of the present action without prejudice would materially impact the analysis of any timeliness issue, successive-petition issue, or other issues if petitioner subsequently were to file a federal petition for a writ of habeas corpus promptly in a new action.

3